THE NORWICH SAVINGS SOCIETY vs. THE CITY OF HARTFORD.

A city ordinance provided that all assessments for benefits should be a lien on the land benefited until paid, provided that they should not remain a lien more than three months after the assessment was completed unless the board of street commissioners should lodge with the town clerk for record a certificate duly certified by the clerk of the board describing the premises and stating the amount of the assessment and the improvement for which it was made. The chairman of the board, with the assent of the other members, instructed the clerk to make and lodge with the town clerk such certificates whenever necessary, but no vote was ever passed by the board on the subject, nor any record made by the clerk of the instructions given him by the chairman. Held that a certificate made by the clerk and lodged by him with the town clerk for record, under this general direction, and with no action by the board in the particular case, was sufficient under the ordinance.

BILL IN EQUITY to remove a cloud from a title ; brought to the Superior Court in Hartford County, and heard before *Beardsley, J.* Bill dismissed and motion in error by the petitioners. The case is sufficiently stated in the opinion.

*J. Halsey* and *C. E. Gross*, for the plaintiffs in error.

*C. E. Perkins*, for the defendants in error.

GRANGER, J. This is a petition in chancery to remove a cloud upon the title of certain land of the petitioners by reason of a certificate of lien placed on the same by the city

of Hartford on account of the non-payment of an assessment for betterments. All the formal allegations in the petition were admitted and the parties were at issue only upon the question of the authority of the clerk of the board of street commissioners to execute and lodge for record the certificate of lien and its sufficiency. The Superior Court found certain facts relating to the questions at issue and dismissed the bill. The petitioners excepted to certain evidence offered by the respondents and admitted by the court, and the court allowed a bill of exceptions. The case comes before us on the petitioners' motion in error. Several errors are assigned, but the case depends upon the determination of two questions. First, was the certificate of the lien valid? Second, was the evidence excepted to admissible?

The ordinance of the city of Hartford under the provisions of which the certificate of lien was lodged for record, went into effect on the first day of April, 1873, and was as follows:—

"All assessments of betterments for any of said public improvements shall be made therefor on account of the land or property liable to assessment and specially benefited thereby. Every assessment of betterments for any of the public improvements embraced in this ordinance shall be a lien on the land on account of which said assessment is made, until the same is fully paid; provided that the same shall not remain a lien for a longer period than three months after said assessment is completed, unless the board of street commissioners shall lodge with the town clerk for record a certificate duly certified by the clerk of said board, describing the premises and the amount assessed and the improvement for which it is assessed."

The certificate of lien was filed on the 24th of February, 1875, and was as follows:

"Charles B. Penfield to City of Hartford. This may certify that an assessment of ten hundred and forty-one dollars ($1,041) for the cost of constructing a public sewer in Zion and Park streets from Ward street northerly to connect with the Park street sewer, as ordered by a resolution of the court

of common council passed September 24th, 1874, a public work or improvement, has been made on Charles B. Penfield on account of a certain piece of land situated in the city of Hartford and bounded north by Park street about 200 feet, east by Zion street 731 feet, south by Zion street continued, and west by other land of said Penfield; and that the city of Hartford claims a lien upon said land for said amount until the same shall be paid with all expenses.

HARTFORD, CONN., Feb. 24th, 1875.

GEORGE ELLIS,
*Clerk of the Board of Street Commissioners.*"

It is admitted by the petitioners that the assessment for the sewer was properly made, that the amount was just and reasonable, that the certificate is proper in form, and that it was filed within the time prescribed by the ordinance, and that George Ellis was the duly authorized clerk of the board of street commissioners; also that the petitioners took their title from Penfield subject to this lien, if it is one, and that they are now in full possession of the property under foreclosure proceedings, and that it is liable to pay the amount of the lien if it is a valid one. No equitable ground of relief is suggested by the petitioners; the property has been benefited to the amount of the assessment, and this amount is justly due the city and ought in justice to be paid unless there is a rigid rule of law that prevents a recovery. The petitioners insist that the city cannot legally recover the amount of the assessment on the ground that the certificate of lien is void.

The petitioners claim that the board of street commissioners could continue the lien after the expiration of three months only by a formal vote to that effect, which vote should be a matter of record, and that only by such a vote can the clerk of the board be authorized to make and lodge such certificate with the town clerk. The court finds that no such vote was ever passed by the board. The finding is further that the board never passed any vote, general or special, placing, claiming or continuing a lien on the premises on account of the public improvement in question or

instructing the clerk to certify, execute or lodge for record any certificate of lien, and that the matter of this particular lien was never discussed by the board or its members. But the court finds "that at the time the ordinance went into effect, the chairman of the board (Mr. Parsons) instructed and directed the clerk (George Ellis) to attend to the filing of the liens that might thereafter be required by the ordinance, and that this instruction was then given with the knowledge and consent of the board as then constituted, but that no vote was ever passed to that effect, and that from that time (April 1st, 1873,) to the date of this certificate (February 24th, 1875,) no vote, either general or special, was passed authorizing the clerk to file any certificates of liens, but the clerk filed them under the instructions given by the chairman as aforesaid."

Did the board of street commissioners misconstrue the ordinance and mistake their duty in relation to filing these liens? Was it necessary in order to make the continuance of the liens valid that there should be a general or special vote passed by the board and recorded by the clerk continuing the liens and directing him to certify and lodge them for record? This seems to be the whole question in the case. If no such vote was necessary, then the manner of filing the certificates and the action of the board in directing the clerk as to his action in the matter, might be shown by parol.

We think that a fair and reasonable construction of the ordinance in question fully warrants the action of the board of commissioners in reference to the continuance of this lien, and that no formal vote was necessary for that purpose. It is apparent that the lien is created by the ordinance and exists for three months without any action on the part of the street commissioners; the continuance of the lien beyond that period is alone dependent upon their action. What action is required by the board to perfect or continue the lien? The language is quite clear and plain. "Provided that the same shall not remain a lien for a longer period than three months after said assessment is completed unless

the board of street commissioners shall lodge with the town clerk for record a certificate duly certified by the clerk of said board describing the premises and the amount assessed and the improvement for which it is assessed." Here is no allusion to any vote of the board. If it had been the intention of the framers of the ordinance that the board should pass a formal vote continuing the lien, it is to be presumed that appropriate language would have been used clearly indicating such intention, if not expressing it in so many words. It would have been quite easy to have inserted after the word "shall" and before "lodge" the words "vote to," so that the line would read "unless the board of street commissioners shall vote to lodge, &c." The wisdom of such a provision might well be questioned as it would then be within the power of the board by a major vote to defeat all liens, or to show favoritism in any particular case, and open a door of contention in the board. The whole object of the ordinance was to secure to the city the payment of these assessments. The street commissioners are authorized to lodge the certificate. The board consists of six members. It would hardly be claimed that they must go in a body to the town clerk's office and lodge the certificate; nor that they must all be present and see a certificate drawn up and certified to by the clerk. And it is difficult to see what reason exists for putting upon the ordinance such a construction as is contended for by the petitioners. It could be of no benefit to the land owner to have the lien continued by a formal vote of the board, rather than by the method adopted; and there is no public benefit or advantage that could be derived from it. When the certificate containing the requisite information under the ordinance is lodged for record in the town clerk's office, bearing the certification of the clerk of the board, it is notice to all the world of the state of the title so far as the lien is concerned. And this is the only purpose of lodging it for record.

The course pursued by the board seems reasonable, simple, convenient and such as common sense would dictate. The lists of assessments are in charge of the clerk of the board;

he is the one above all others conversant with all their details—the persons assessed, the amounts, the property on which the assessments are laid, the dates—and of course would know when the time of lien expired and whether they were paid or not; we can conceive of no more reasonable course than the one adopted, of directing the clerk to file all liens when required by the ordinance. The chairman of the board might direct him to do this with as much propriety as to direct him to draw up a notice of the meeting of the board or any other paper that it became his duty to draw or that was within the scope of his employment.

But the petitioners contend that there is some special significance to the words "a certificate duly certified by the clerk," their claim being that there must be some action of the board to which the clerk must certify. We do not so understand the meaning of the words used. The fair import is that the clerk shall draw up a certificate stating the requisite facts, that is "describing the premises, and the amount assessed, and the improvement for which it is assessed," and that he shall sign it as clerk of the board of street commissioners. The commencement of his document is "This may certify," and at the end he appends the date, and authenticates it by signing in his official capacity "George Ellis, Clerk of the Board of Street Commissioners." This makes a certificate certified by the clerk of the board, and is unquestionably just such a certificate as is required by the ordinance to be lodged by the board with the town clerk for record. The clerk of the board by direction of the chairman in presence of the whole board very clearly had authority to make such certificate and lodge it with the town clerk, and no formal vote was necessary to empower him to do it. It is made his duty by the ordinance to certify to such an instrument, and we think it was the duty of the board of commissioners under the ordinance to see that all liens were properly continued, and it is doubtful whether they would have the right to vote to discharge one man's property from the lien and retain it upon another's. If so the board would have power to render taxation unequal, which is contrary to

all the principles of taxation. If no vote of the board was necessary in order to continue the liens and none necessary to authorize the clerk to draw up and lodge the certificate, as we think has been shown, then it is evident that no formal record of these facts became necessary, and they might well be proved by parol, if there were need that they should be proved at all. . In the absence of all proof it would be presumed that the board of street commissioners, being public officers and an arm of the city government, did its duty and that the clerk also did his duty, and that in certifying and lodging this certificate he acted under the authority and direction of the board.

Furthermore this is not a judicial act of the board of such a public nature as to be considered an act of a court. Indeed these acts have none of the elements of judicial acts; there is no hearing, no parties, no judgment. They are mere ministerial acts in the line of the duty of the board and the clerk, and the board and clerk in making and lodging the certificate act as mere agents of the city in protecting its rights and securing the payment of its just dues.

There is no error in the judgment complained of.

In this opinion the other judges concurred.